RECEIVED
MAY 2 0 2011
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ENCANA OIL & GAS (USA) INC., AND SWEPI L.P. | CIVIL ACTION NO: 5:10-CV-1171 |
| VERSUS | JUDGE DONALD E. WALTER |
| MICHAEL B. SIMPSON, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the court is a Motion to Dismiss for lack of subject matter jurisdiction, or in the alternative, motion for abstention, filed by the declaratory Defendants, Michael B. Simpson, Suzan Dupree Simpson, Dupree Tractor Co., Inc. ("Dupree Tractor"), Simpson Mineral Interests, L.L.C. ("Simpson Mineral Interests"), Simpson Land Holdings, L.L.C. ("Simpson Land Holdings"), and Dupree Land Properties, L.L.C. ("Dupree Land Properties"). [Doc. #15]. This motion is opposed by the declaratory Plaintiffs, Encana Oil & Gas (USA) Inc. ("EnCana"), and SWEPI, L.P. ("SWEPI"). For the reasons stated herein, declaratory Defendants' motion is **GRANTED**. EnCana and SWEPI's causes of action are **DISMISSED WITHOUT PREJUDICE**.

## PROCEDURAL AND FACTUAL BACKGROUND

1. State Court Litigation

The history of litigation between the parties is as follows. On June 24, 2010, Simpson Mineral Interests, L.L.C., Simpson Land Holdings, L.L.C., and Dupree Land Properties, L.L.C. (referred herein as "Simpson-Dupree Companies") filed suit against EnCana, SWEPI, and Fluid Disposal Specialties, Inc. ("Fluid Disposal"), in the 39th Judicial District Court, Red River Parish, Louisiana. [Doc. #15, Ex. A (referred to herein as "state court petition")]. Therein, the Simpson-

Dupree Companies asserted, in general, claims for the termination of certain mineral leases and damages for trespass.

The state court petition concerns two oil, gas, and mineral leases. The first mineral lease was executed on or about June 13, 2005, between Dupree Tractor as lessor in favor of Pride Oil & Gas Properties, Inc. ("Pride Oil & Gas") as lessee. The lease covers property described in Exhibit A of the petition as 1 Hope Ranch, Tract 16. It contains Pugh and Depth Limitation clauses. [Doc. #15, Ex. A at Ex. A]. The second mineral lease was also executed on or about June 13, 2005, between Michael B. Simpson and Suzan Dupree Simpson as lessors in favor of Pride Oil & Gas as lessee. The second lease covers property described in Exhibit A of the petition as 1 Hope Ranch, Tract 2. It also contains Pugh and Depth Limitation clauses. [Doc. #15, Ex. A at Ex. B].

Since the signing of the June 13, 2005 mineral leases, it is alleged that the ownership of both tracts have been transferred. Simpson Land Holdings is now the alleged owner of the surface rights of 1 Hope Ranch, Tracts 2 and 17. Simpson Mineral Interests and Dupree Land Properties are now the alleged owners in indivision of the minerals. The Simpson Dupree Companies allege in the state court petition that mineral leases previously owned by Pride Oil & Gas are now owned by EnCana and SWEPI. [Doc. #15, Ex. A].

The state court petition alleges that during the primary terms of the mineral leases EnCana applied for and obtained from the Louisiana Office of Conservation an order dated January 25, 2010, which created two drilling units that include portions of the leased minerals at issue: (1) HA RA SUO, and (2) HA RA SUP. The state court petition states the "Lewis well" was timely spud by EnCana within the HA RA SUP unit prior to the expiration of the primary lease, thus maintaining the leased premises contained within the unit.

However, the Simspon-Dupree Companies allege in the state court petition that EnCana had not begun work on the "Simpson well" located with the HA RA SUO unit at any time prior to the expiration of the primary term. Rather, they allege that on June 14, 2010, the day after the expiration of the primary term of the lease, Fluid Disposal (a company working under the direction of EnCana) began conducting minor work on the property contained in the HA RA SUO unit. The state court petition alleges that the Simpson Dupree Companies delivered a letter dated July 16, 2010, to EnCana's attorney demanding a partial release of the mineral leases in accordance with La. Rev. Stat. 31:206 *et seq.*

Based on the claim that the mineral leases (other than the portion contained in the HA RA SUP unit) expired by their terms, the Simpson Dupree Companies allege that EnCana is intentionally and in bad faith violating their property rights because EnCana allegedly lost its right to conduct operations with the alleged expiration of the lease. The Simpson Dupree Companies seek damages for the EnCana's alleged trespassing, and pray for an order directing EnCana to cease any operations and remove all equipment and associated items not situated within the HA RA SUP unit.

2.   Federal Court Litigation

On July 21, 2010, EnCana (declaratory Plaintiff) filed its Complaint and Request for Declaratory Judgment with this court. [Doc. #1].[1] EnCana named Michael B. Simpson, Suzan Dupree Simpson, Dupree Tractor, Simpson Mineral Interests, Simpson Land Holdings, and Dupree Land Properties as Defendants (referred to collectively as "declaratory Defendants") in the

---

[1] The court notes that EnCana could not remove the state court petition to federal court because Fluid Disposal is alleged to be a Louisiana Corporation and diversity would not exist. 28 U.S.C. § 1332(a).

Complaint. [Doc. #1].[2] EnCana asserts the filing of the state court petition by the declaratory Defendants serves as a repudiation of the leases insofar as they affect lands within the HA RA SUO drilling and production unit. Encana requests that this court issue a judgment making the following declarations:

> (a) that insofar as they encompass land within the HA RA SUO drilling and production unit, the [Simpson and Dupree] leases remain in full force and effect;
>
> (b) that EnCana, as lessee under the [Simpson and Dupree] leases, has the right to continue drilling and other operations relating to the Simpson Mineral Well; and
>
> (c) that insofar as its drilling and other operations relating to the Simpson Mineral Well are concerned, EnCana has the "right of ingress and egress along with the right to conduct such operations on the leased premises, or on any adjacent or adjoining lands, as may be reasonably necessary for such purpose, including but not limited to the drilling of wells, construction and use of roads, canals, pipelines, tanks, water wells, disposal wells, injection wells, pits, electric and telephone lines, power stations, and other facilities deemed necessary by Lessee to discover, produce, store, treat and/or transport oil, gas and other substances," including, but not limited to, the right to access the wellsite using the road as shown and depicted on Exhibit L;
>
> (d) that EnCana's obligations under the [Simpson and Dupree] leases are suspended for the period beginning with the Lessors' repudiation of the leases and continuing until 90 days after final judgment herein; and
>
> (e) that EnCana is entitled to all legal, equitable, and other relief deemed appropriate under the circumstances.

[Doc. #1]. On August 19, 2010, SWEPI filed its Intervention Complaint, making nearly identical claims as to repudiation of the leases in question and seeking a judgment containing declarations identical to those requested by EnCana. [Doc. #13].

---

[2] The parties are slightly different in the federal proceeding. Fluid Disposal could not be joined as a Plaintiff. Further, Michael B. Simpson, Suzan Simpson, and Dupree Tractor are named as additional defendants in the federal Complaint.

4

The declaratory Defendants move to dismiss EnCana's Complaint and SWEPI's intervention under several alternative methods. [Doc. #15].

## LAW AND ANALYSIS

EnCana and SWEPI bring their causes of action under the Declaratory Judgment Act, 28 U.S.C. § 2201, which states in relevant part:

> (a) In a case of actual controversy within its jurisdiction, [] any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

The purpose of the Declaratory Judgment Act is "to afford one threatened with liability an early adjudication without waiting until his adversary should see fit to begin an action after damage has occurred." *Rowen Companies, Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989) (citation omitted). A district court is required to engage in a three-step inquiry when considering a declaratory judgment action. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). First, the court must determine whether there is a "justiciable controversy" present, meaning that the controversy can presently be litigated and decided and is not merely hypothetical. *Id.* (citing *Rowen*, 876 F.2d at 28). Second, if the district court has subject matter jurisdiction it must determine whether it has the authority to grant declaratory relief. *Orix*, 212 F.3d at 895 (citing *Travelers Inssurance Co. v. Louisiana Farm Bureau Federation, Inc.* 996 F.2d 774, 776 (5th Cir. 1993)). Third, the court must decide "how to exercise its broad discretion to decide or dismiss a declaratory judgment action." *Id.*

The parties do not dispute that a justiciable controversy is present, and the court agrees that this matter is ripe for consideration. Declaratory Defendants do not present a serious argument that

5

this court lacks diversity jurisdiction.[3] Therefore, the court will begin its analysis by determining whether it has the authority to grant declaratory relief. This requires the court to consider whether granting the request would impinge upon the Anti-Injunction Act. "[]When a state lawsuit is pending, more often than not, issuing a declaratory judgment will be tantamount to issuing an injunction-providing the declaratory plaintiff an end run around the requirements of the Anti-Injunction Act." *Travelers Insurance*, 996 F.2d at 776 (citing *Texas Employers' Insurance Association v. Jackson*, 862 F.2d 491, 506 (5th Cir. 1988) (en banc), cert denied, 490 U.S. 1035 (1989)).

The Fifth Circuit held in *Jackson* that as a general rule, a district court is precluded from considering "the merits of the declaratory judgment action when (1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, (2) the state case involves the same issues as those involved in the federal case, and (3) the district court is prohibited from enjoining state proceedings under the Anti-Injunction Act." *Id.* (citing *Jackson*, 862 F.2d at 506). The Anti-Injunction Act provides that "a court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *See* 28 U.S.C. § 2283. This general rule prohibiting the issuance of a declaratory judgment when these three factors are present serves to prevent the use of a declaratory judgment action as a means to change forums or as a race to win res judicata, which "is thoroughly inconsistent with the purposes of the

---

[3] Declaratory Defendants argue that diversity jurisdiction may ultimately be rescinded if Fluid Disposal, a non-diverse party, is found to be indispensable with a vested right in the outcome of this case. [Doc. #15 at 5]. This issue is not addressed herein because the court declines to entertain the declaratory judgment actions.

Declaratory Judgment Act and should not be countenanced." *Travelers Insurance*, 996 F.2d at 777 (citations omitted). To issue a declaratory judgment in such a situation "would be antithetical to the noble principles or federalism and comity." *Id.* at 776 (citations omitted). All doubts as to the applicability of the Anti-Injunction Act are to be resolved in favor of allowing the state court action to proceed. *Jackson*, 862 F.2d at 508.

The first factor under the *Jackson* test for the preclusion of this court's authority to entertain the declaratory judgment is met. The parties do not dispute that the declaratory Defendants (Simpson et al.) previously filed a state court petition against the declaratory Plaintiffs (EnCana and SWEPI). There is a slight difference in the parties named in the federal action, but this is insufficient to alter the court's analysis of this factor. Fluid Disposal, a non-diverse party and contractor of EnCana and /or SWEPI, could not be joined in this federal declaratory action. Further, the naming of Michael Simpson, Suzan Simpson Dupree and Dupree Tractor in the federal causes of action appears to be unnecessary due to subsequent transfers of the property involved.

The court is satisfied that the second *Jackson* factor is also met under the specific facts of this case. The declaratory Defendants (Simpson et al.) filed a petition in state court against EnCana, SWEPI, and Fluid Disposal thirty days prior to the filing of EnCana's cause of action for a declaratory judgment. The state court petition seeks damages for trespass and for an order by the state court for the declaratory Plaintiffs (EnCana and SWEPI) to remove their equipment from any of the leased premises not situated within the HA RA SUP drilling unit. For the state court to address the stated prayer for relief for damages premised on an alleged trespass it must necessarily answer the same legal issue presented in this matter - i.e. whether the mineral leases in question are still held by EnCana and SWEPI or whether they have expired under the terms of the lease due to

the lack of drilling operations. Although the federal cases request that the court provide guidance on additional issues, the most important issue of both the state and federal cases is whether the term of the mineral leases in question were continued by the presence of drilling operations or whether they have in fact expired under the terms of the lease. Accordingly, the court concludes that the state and federal lawsuits two lawsuits concern the same issue.

After careful consideration, the court finds that the third factor of the *Jackson* test is also met in this case. The Anti-Injunction Act prohibits this court from issuing an injunction to stay proceedings in a state court unless expressly authorized by Congress, where necessary to aid its jurisdiction, or to protect or effectuate its judgments. *See* 28 U.S.C. § 2283. There is no doubt to this court that the presently pending matter constitutes a race to judgment by the declaratory Plaintiffs for a determination of the status of the leases in question for use as res judicata and/or issue preclusion in the state court suit, thus "resolving [the matter] as surely as an injunction". *Texaco Inc. v. Duhe*, 44 F.Supp.2d 809 (citing *Royal Insurance Co. of America v. Quinn-L Capitol Corp.*, 3 F.3d 877, 886 n. 9). While the Fifth Circuit has allowed two narrow exceptions to *Jackson* in factual distinguishable cases, this court declines to create a third. Therefore, it is the conclusion of the court that it lacks the authority to consider the declaratory judgment actions under the general rule set forth in *Jackson*.

In the alternative, the court declines to exercise its discretion to consider the matter. The language of the Declaratory Judgment Act provides that a court "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). "There is ....nothing automatic or obligatory about the assumption of jurisdiction by a federal court to hear a declaratory judgment action." *Wilton v. Seven Falls Company et al.*, 515 U.S. 277, 286 (1995) (citing E. Bochard, Declaratory Judgments 312-314 (2d ed. 1941)). However, a

district court may not dismiss a request for declaratory relief on the basis of a whim or personal disinclination. *Granite State Insurance Co. v. Tandy Corp.*, 986 F.2d 94 (5th Cir. 1992) (internal citations and quotations omitted).

To avoid an abuse of discretion this court must address and balance the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine on the record. *Travelers Insurance*, 996 F.2d at 779. The relevant factors, commonly referred to as the *Trejo* factors, include (1) whether there is a pending state court action in which all of the matters in controversy may be fully litigated, (2) whether the declaratory plaintiff filed suit in anticipation of a lawsuit filed by the defendant, (3) whether the declaratory plaintiff engaged in forum shopping in bringing the suit, (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forum exists, (5) whether the federal court is a convenient forum for the parties and witnesses, (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *Sherwin-Williams Co. v. Holmes County et al*, 343 F.3d 383, 388 (5th Cir. 2003) (citing *St. Paul Insuranc Co. v. Trejo*, 39 F.3d 585, 590-591 (5th Cir. 1994)).[4]

The court finds that the first *Trejo* factor supports dismissal. A state court action was filed prior to the declaratory judgment actions wherein the claims of all parties in interest could be

---

[4] These factors are similar to those expressed in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), which remains applicable to a district court's decision regarding the propriety of hearing a declaratory judgment action. *See Wilton*, 515 U.S. at 289-290. Although discussed in the declaratory Defendants' Motion to Dismiss [Doc. #15], the more stringent *Colorado River* abstention doctrine is inapplicable to declaratory judgment actions. *See Granite State*, 986 F.2d 94.

satisfactorily adjudicated. *See Wilton*, 515 U.S. 277, 283 (1995). EnCana and SWEPI argue that the declaratory judgment actions are broader than the state court petition by seeking a resolution of the parties complete legal relationship above and beyond the state court petition for trespass. This court does not view this distinction as dispositve because as stated *supra*, the state court must necessarily address the validity of the leases in questions before it can determine the merits of the trespass action. Further, the absence of Fluid Disposal from this federal declaratory action does not change this analysis. Fluid Disposal was apparently a contractor acting on behalf of EnCana and SWEPI to begin construction on the wellsite location. [Doc. #1 at 9-10].

The second, third, and fourth *Trejo* factors all address whether a declaratory plaintiff is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds. *Sherwin-Williams*, 343 F.3d at 391. In this case, the declaratory judgment action was filed after the state lawsuit. Because this case involves substantial issues of state law which could be fully litigated in the state court proceeding, this court can only conclude that the declaratory judgment actions were filed to procure a federal forum despite the lack of diversity in the state court proceeding. As such, these factors support abstention.

The fifth and sixth *Trejo* factors address efficiency considerations - whether the federal court is a convenient forum for the parties and witnesses and whether retaining the lawsuit would serve judicial economy. *Id.* at 392. This court is equally convenient as the 39th Judicial District of Red River Parish, making the fifth *Trejo* factor neutral. The sixth *Trejo* factor regarding judicial economy supports abstention to prevent the duplication of judicial effort in both state and federal court.[5]

---

[5] The seventh *Trejo* factor, whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending, is inapplicable to this case.

10

Accordingly, even if this court had the authority to consider this declaratory judgment action without violating the Anti-Injunction Act it would abstain from doing so under the facts and circumstances of this case.

## CONCLUSION

For the reasons stated herein, the declaratory Defendants' Motion to Dismiss [Doc. #15] is hereby **GRANTED**. EnCana and SWEPI's causes of action are **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED**, this \_\_\_\_ day of May, 2011.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE